UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHAMAIN JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:05-0763 |
| | ) | Judge Campbell |
| TONY PARKER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

### I. INTRODUCTION

The petitioner, Shamain Johnson, is a prisoner in the Northwest Correctional Complex in Tiptonville, Tennessee. Proceeding *pro se* and *in forma pauperis*, Johnson brings this action under 28 U.S.C. § 2254, naming Tony Parker, the Warden at the Northwest Correctional Complex, as the respondent.

### II. BACKGROUND

Johnson pled guilty on January 31, 2002 to one count of possession of .5 grams or more of cocaine with the intent to sell. (Docket Entry No. 9, Add. 1, pp. 48-49)[1] He also pled guilty to two counts of sale of a counterfeit controlled substance. (Docket Entry No. 9, Add. 1, pp. 48-49) The remaining charges against Johnson were dismissed pursuant to the plea agreement. (Docket Entry No. 9, Add. 1, pp. 48-50) The trial court sentenced Johnson to ten years on the possession of cocaine conviction, and to two years each of the convictions for the sale of a counterfeit controlled substance. (Docket Entry No. 9, Add. 1, pp. 45-47)

The trial court ordered the two two-year sentences to be served concurrently with one another, but consecutively to the ten-year sentence. (Docket Entry No. 9, Add. 1, pp. 45-47) The

---

[1] Some of the pages in the record have more than one page number. Wherever present, references to pages in the record are to the "Bates" stamp numbers that appear at the bottom of the page, the leading zeros omitted.

trial court then ordered Johnson to serve all but one year of his sentence on community corrections. (Docket Entry No. 9, Add. 1, pp. 45-47) Later, on November 8, 2002, the trial court revoked Johnson's sentence to community corrections and ordered him to serve his sentence in the Tennessee Department of Corrections. (Docket Entry No. 9, Add. 1, pp. 51-54)

On December 12, 2002, Johnson filed a petition for state *habeas corpus* relief alleging that his sentence was illegal, *i.e.*, he had a weapon in his possession at the time of the offenses for which he was convicted and, as such, he was ineligible for community corrections under Tenn. Code Ann. § 40-36-106. (Docket Entry No. 9, Add. 1, pp. 1-4) Johnson's legal theory was that the trial court had no jurisdiction to revoke his community corrections sentence because, owing to the fact that he also had been charged with possession of a weapon, he was ineligible for community corrections, and that his sentence was, therefore, illegal. After a hearing, the *habeas corpus* court denied Johnson's petition on January 28, 2003 (Docket Entry No. 9, Add. 1, pp. 106-111), following which he appealed to the Tennessee Court of Criminal Appeals ("Court of Criminal Appeals") (Docket Entry No. 9, Add. 1, p. 112).

In affirming the judgment of the state *habeas corpus* court on January 23, 2004, the Court of Criminal Appeals determined that "there [wa]s no evidence in the record that the weapons which the Defendant was charged with possessing bore any relationship to the drug activity for which he was convicted." (Docket Entry No. 10, Add. 8, p. 3) More particularly, although Johnson had been "*indicted* for possession of a weapon," he was not charged with possessing a weapon during the commission of the crimes for which he was convicted, therefore he remained "statutorily eligible to receive a community corrections sentence" and the "trial court retained authority to revoke his community corrections sentence." (Docket Entry No. 10, Add. 8, p. 3) Johnson did not seek permission to appeal Court of Criminal Appeals' ruling.

Johnson filed a petition for state post-conviction relief on January 31, 2003 while his state

2

*habeas corpus* action still was pending. (Docket Entry No. 9, Add. 3, pp. 1-8) Following an evidentiary hearing on July 7, 2003 (Docket Entry No. 10, Add. 4), the post-conviction court denied Johnson's petition on November 21, 2003 (DE # 9, Add. 3, pp. 82-88), after which he appealed to the Court of Criminal Appeals (DE # 9, Add. 3, p. 89). Johnson raised the following claims on appeal: 1) his community corrections sentences were illegal and, therefore, voidable under Tenn. Code Ann. § 40-35-106; 2) his guilty pleas were not knowing and voluntarily made because the judgments reflect a plea of guilty to offenses that are different than those contained in the plea agreement; and 3) he did not enter a plea of guilty knowingly and voluntarily because the guilty plea resulted in a voidable/illegal sentence. (Docket Entry No. 10, Add. 9, pp. 3, 9-15) The Court of Criminal Appeals affirmed the judgment of the post-conviction court on January 21, 2005. (Docket Entry No. 10, Add. 11) Johnson's application for permission to appeal in the Tennessee Supreme court was denied. (Docket Entry No. 10, Add. 12-13)

Johnson filed his petition for federal *habeas corpus* relief on September 12, 2005.[2] (Docket Entry No. 1) The respondent filed an Answer and supporting documents on November 21, 2005. (Docket Entry Nos. 8-10) Johnson filed a "rebuttal" to the respondent's answer on December 5, 2005. (Docket Entry No. 11)

### III. ANALYSIS

Petitions for federal *habeas corpus* relief filed after April 24, 1996 are subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA). *See Martin v. Mitchell*, 280 F.3d 594, 602 (6th Cir. 2002)(citing *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1977). Title 28 U.S.C. § 2254, as amended by the AEDPA, provides the

---

[2] The envelope in which Johnson mailed his petition to the district court is stamped as having been received in the prison mailroom on September 12, 2005. Under Rule 3(d), Rules – Section 2254 Cases, this constitutes the date that he is deemed to have filed this action.

3

following with respect to granting a writ of *habeas corpus* to prisoners who are in custody pursuant to a state court judgment:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id*. at § (d). The "unreasonable application" of clearly established federal law differs from an "incorrect application." *Williams v. Taylor*, 529 U.S. 362, 365 (2000). Under the former, "a federal *habeas corpus* court may grant relief if the state court identifies the governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. The latter clause is satisfied when a state court "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law or . . . decides a case differently than the Court . . . on a set of materially indistinguishable facts." *Id*. at 364-65. Where state courts have made factual determinations regarding issues presented for federal *habeas corpus* review, such determinations are presumed to be correct, and Johnson has the burden of rebutting that presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Miller-el v. Cockrell*, 537 U.S. 322, 324 (2003). Under the AEDPA, the purpose of federal *habeas corpus* review is to "ensure that state court convictions are given effect to the extent possible under the law," not to conduct a federal re-trial. *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### A. Whether Johnson's Sentence Was Void Under State Law

Johnson argues that his "sentence and judgments are void under state law because they directly contravene[] T.C.A. 40-36-106(A)(4)." (Docket Entry No. 1, ¶ 12, p. 6) More particularly, Johnson asserts that he was "legally ineligible for the [community corrections] program [because he] possessed a hand gun during the poss[ession] of counterfeit cocaine." (Docket Entry No. 1, ¶ 12(a), p. 6) The respondent argues that this claim is not cognizable in federal *habeas corpus* because:

> Federal habeas courts are without authority to correct a simple misapplication of state criminal law or procedure 'but may intervene only to correct wrongs of [a federal] constitutional dimension.'

(Docket Entry No. 8, p. 6)(brackets in the original)

The record is clear that Johnson raised this claim in state *habeas corpus* proceedings in terms of state law, *i.e.*, that his sentence was inconsistent with Tenn. Code Ann. § 40-36-106. (Docket Entry No. 9, Add. 1,¶¶ 24-26, p. 3; Docket Entry No. 10, Add. 6) The record also shows that the state courts' determination of this issue during state *habeas corpus* proceedings was based on state law as well. (Docket Entry No. 9, Add. 1, pp. 108-110; Docket Entry No. 10, Add. 8) The record is equally clear that Johnson raised this claim on post-conviction in the context of state law. (Docket Entry No. 9, Add. 3, pp. 3- 6, 24-28; Docket Entry No. 10, Add. 9 and 12) On post-conviction, the state courts' determination of this issue was, once again, couched in terms of state law. (Docket Entry No. 9, Add. 3, pp. 82-88; Docket Entry No. 10, Add. 11)

"[F]ederal habeas corpus relief does not lie for errors of state law" because "it is not the province of the federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); s*ee also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209, 221 (1982); *Cooey v. Coyle*, 289 F.3d 882, 902 (6th Cir. 2002). Federal *habeas corpus* courts may intervene in the application of state law only if such application

5

results in an error of constitutional dimension. *Phillips*, 455 U.S. at 221.

Johnson does not argue in the context of this claim that his sentence violated his federal constitutional rights. Neither is it apparent from the record that his sentence based on state law resulted in an error of a constitutional dimension that would warrant the district court's intervention. Accordingly, Johnson is not entitled to federal *habeas corpus* relief on the grounds alleged.

### B. Whether Johnson Entered into the Guilty Plea Agreement Knowingly and Voluntarily

Johnson alleges that he "was presented with an inducement of fraud[] and misrepresentation of unforbillable [*sic*] promises . . . to plead guilty to . . . non[-]existent acts as crimes punishable by law."[3] (Docket Entry No. 1, ¶ 12, p. 7) According to Johnson, this was done so "the courts could later enter into judgments statutory acts that were in the place of the inducements as those crimes [that he] knowingly and voluntarily pled guilty to[]." (Docket Entry No. 1, ¶ 12, pp. 7-8) The respondent argues that, to the extent that this is a claim of fraudulent misrepresentation, it is procedurally defaulted. (Docket Entry No. 8, pp. 7-8) The respondent argues in the alternative that, if this is the same claim that Johnson raised on appeal from the post-conviction court, then the Court of Criminal Appeals determination on this issue is entitled to the presumption of correctness. (Docket Entry No. 8, pp. 9-11)

Johnson raised this claim on post-conviction. The claim in his amended post-conviction petition is quoted below in its entirety:

> Petitioner asserts his guilty plea(s) were not knowing and voluntarily made. The United States Supreme Court has held 'that in order to satisfy the dictates of due process a plea of guilty must be a voluntary, knowing, intelligent act.' Brady v. United States, 397 U.S. 742, 748 (1970). The court stated, the defendant must at least have a 'sufficient awareness of the relevant circumstances and likely

---

[3] Johnson repeats this characterization of "fraud" and "misrepresentation" in his "rebuttal" to the respondent's Answer. (Docket Entry No. 11, p. 3)

6

consequences.' Brady at 748. Petitioner asserts that he did not know or understand he was receiving a voidable sentence under state law and asserts he has a constitutional right to a legal sentence. Also, Petitioner asserts that since he was not informed his sentence would have to be served at a Tennessee Department of Corrections facility that his guilty plea(s) were not knowing or voluntarily entered. ***Further, Petitioner asserts that sine this Court's judgments reflect a plea of guilty to offenses different from those contained in the plea agreement his guilty plea(s) could not have been knowing and voluntarily made.***

(Docket Entry No. 9, Add. 3, pp. 6, 27-28) The highlighted text above is the only difference between his original petition and his amended petition. Johnson's subsequent argument on appeal from the judgment of the post-conviction court is quoted below in its entirety:

> *Appellant* asserts his guilty plea(s) were not knowingly and voluntarily made. The United States Supreme Court has held 'that in order to satisfy the dictates of due process a plea of guilty must be a voluntary, knowing, and intelligent act.' Brady v. United States, 397 U.S. 742, 748 (1970). The court stated, the defendant must have a 'sufficient awareness of the relevant circumstances and likely consequences.' Brady at 748. *Appellant* asserts that he did not know or understand he was receiving a voidable sentence under state law and asserts he has a constitutional right to a legal sentence. *Appellant* asserts that since this Court's judgments reflect a plea of guilty to offenses different from those contained in the plea agreement his guilty plea(s) could not have bee knowingly and voluntarily entered.

(Docket Entry No. 10, Attach. 7, pp. 13-14) The highlighted text shows the only differences between Johnson's claim in his amended petition and the sum-total of the argument that he presented on appeal.

As shown above, Johnson made no reference to fraud or misrepresentation in his post-conviction petition, his amended petition, or in his brief on appeal from the judgment of the post-conviction court. It was not until Johnson filed his application for permission to appeal in the Tennessee Supreme Court on post-conviction that he alleged for the first time that "It is not legal for officers of the trial cou[r]t . . . to . . . use fraud and misrepresentation of non existent acts a

7

defendant is willing to plead to as felonies to get a conviction." (Docket Entry No. 12, p. 3) Notwithstanding this belated allegation of fraud and misrepresentation this claim was never reviewed by any state court.

The AEDPA places notable restrictions on a federal court's ability to grant *habeas corpus* relief to state prisoners. For example, federal *habeas corpus* courts may only consider claims that a *habeas* petitioner has previously raised before the state courts. *See* 28 U.S.C. § 2254(b); *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002). Claims that have not been raised in state court are deemed unexhausted and are ordinary dismissed, without prejudice, so that the *habeas* petitioner may pursue them in state court. *Alley*, 307 F.3d at 385 (citing *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). "These rules apply both to entirely new legal claims and new factual bases for relief; for a claim to be considered exhausted, the petitioner must have 'fairly presented' to the state courts the 'substance of his federal habeas corpus claim." *Alley*, 307 F.3d at 386 (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982))(internal citations omitted); *see also Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)("[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal courts."). "Although 'bits of evidence' which were not before the state courts will not render a claim unexhausted, where a federal *habeas* petitioner presents newly discovered evidence or other evidence not before the state courts such as to place the case in a significantly different posture, the state courts must be given the opportunity to consider the evidence." *Sampson v. Love*, 782 F.2d 53, 57 (6th Cir. 1986)(quoting *Jones v. Hess*, 681 F.2d 688, 691 (10th Cir. 1982)(internal citations omitted)).

Because this claim was not raised in state court prior to being raised in the instant proceedings, it is unexhausted. The next question is whether it is procedurally defaulted as well.

The post-conviction statute in effect in Tennessee at the time of Johnson's conviction, Tenn. Code Ann. § 40-30-102 (1995), provided the following:

8

> Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise.

*Id.* at § (a). The Tennessee post-conviction statute goes on to say that:

> This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-117.

*Id.* at § (c). The limited circumstances in Tenn. Code Ann. § 40-30-117 (1995) are that:

(1) "The claim in the motion is based on a final ruling of an appellate court establishing a constitutional claim that was not recognized as existing at the time of trial. . . ."

(2) "The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent . . . ."

(3) "The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . ."

(4) "It appears the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced."

9

*Id.* at §§ (a)(1)-(a)(4).

Under Tennessee law, because Johnson already has filed one post-conviction petition, he may not file another. Moreover, as none of the "limited circumstances" provided in §§ 40-30-117(a)(1)-(a)(4) are present in this action, the "motion-to-reopen" provision in § 40-30-102(c) is inapplicable. Therefore, this claim is procedurally defaulted under state law. The only remaining question is whether it is procedurally defaulted for purposes of *habeas corpus* review as well.

If a federal *habeas corpus* petitioner is barred from raising an unexhausted claim in state court due to a state procedural rule, then that claim generally is procedurally defaulted for purposes of federal *habeas corpus* review. *See Coleman v. Thompson*, 501 U.S. 722, 752-753 (1991). If a claim is procedurally defaulted, then federal *habeas corpus* review is prohibited unless the petitioner demonstrates both "cause" <u>and</u> "prejudice" for his failure to raise the claim in state court while state court remedies were available, or that a miscarriage of justice will result if the claim is not reviewed. *Alley*, 307 F.3d at 386; *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000). To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994). "[A] showing that the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by officials' made compliance impracticable," constitutes "cause" under this standard. *Murray*, 477 U.S. at 488 (citations omitted); *see also Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002)("Cause is shown when the factual basis of the claim was 'reasonably unknown' to the defendant's counsel."). To show "prejudice," default of the claim must not merely have created a possibility of prejudice to the defendant, but it must have "worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." *Jamison*, 291 F.3d at 388 (citing *United States v. Frady*, 456 U.S.

10

152, 170-171 (1982)). Finally, to demonstrate a "fundamental miscarriage of justice," a petitioner must show that the alleged constitutional violation probably resulted in the conviction of one who actually is innocent. *Murray*, 477 U.S. at 496. This exception applies only in "extraordinary cases," *Id.*, and requires a petitioner to show that he is "actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Johnson does not argue that he is innocent of the offenses for which he was convicted. Neither does he argue that "cause" and "prejudice" exist to excuse the procedural default. Because Johnson has not established cause and prejudice, or that he actually is innocent, this claim is procedurally defaulted for purposes of federal *habeas corpus* review.

C. Whether Johnson Pled Guilty to a
Non-Existent Offense

In his third ground for relief, Johnson alleges that he "plead guilty to the non existent crimes offered [and] accepted[] by the (DA), in the presence of my co[u]nsel, by all including the courts is fundamental error." (Docket Entry No. 1, ¶ 12, p. 9) Johnson alleges further that:

> I was offered in writing or a (contract) a plea to two non[-]existent crimes that were presented as crimes. I didn't know of these illegalities and no one corrected them, told me of them, ***nor did the court reject them***, because they were unacceptable to offer, or plead to[]. ***But the court accept[]ed the plea petition***; (contract0 as is, in all respects, ***this is fundamental . . . plain error*** . . . later to without my knowledge . . . enter into judgments two real illegal crimes I refuse to plead guilty to[].

(Docket Entry No. 1, ¶ 12, p. 9)(emphasis added) The respondent argues as follows: 1) to the extent that Johnson is alleging that he pled guilty to non-existent crimes, this issue was resolved by state courts applying state law and is, therefore, not cognizable in federal *habeas corpus*; and 2) if Johnson is maintaining that his guilty pleas were not knowing and voluntary, then his claim is

11

without merit for reasons previously discussed. (Docket Entry No. 8, pp. 11-12)

Although not entirely clear from the petition, it appears from the highlighted text *supra* that Johnson actually is alleging that the trial court erred in allowing him to enter into the plea agreement that is the subject of the instant proceedings. To the extent that Johnson is alleging trial court error, the record shows that this claim was not raised in state court before being raised in these proceedings. Therefore, for reasons previously explained, this claim is procedurally defaulted for purposes of federal *habeas corpus* review. If, on the other hand, this claim is as the respondent argues, *i.e.*, that Johnson pled guilty to a non-existent offense and/or that his guilty pleas were not knowing and voluntary, then these claims are without merit, also for reasons previously discussed. In either of these instances, the Court finds that Johnson is not entitled to *federal habeas* corpus relief on the grounds alleged.

## IV. CONCLUSION

As reasoned herein, Johnson is not entitled to federal *habeas corpus* relief on any of the three grounds alleged. Therefore, his petition for a writ of *habeas corpus* will be denied and this action dismissed. An appropriate Order will be entered.

/s/ Todd Campbell
Todd Campbell
United States District Judge